IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BILL WISSER, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-150 |
| MORRIS VISITOR PUBLICATIONS, LLC, | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant's motion to dismiss (Doc. 37) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is **DENIED**.

**I. BACKGROUND**

The present matter is a single count, copyright infringement action. (Am. Compl., Doc. 30, ¶¶ 12-16.) Plaintiff is a professional photojournalist operating in Miami, Florida. (Id. ¶ 5.) Plaintiff photographed tacos served in blue corn tortillas ("Blue Tacos Photograph"). (Id. ¶ 7; Blue Tacos Photograph, Doc. 30-1.) In the photograph, the tacos are arranged on a tray set on what appears to be paper bearing the name of the Miami restaurant responsible for preparing the colorful cuisine, Taquiza. (Am. Compl., ¶¶ 1, 7; Blue Tacos Photograph.) Plaintiff asserts he is

the author of the Blue Tacos Photograph and holds a copyright to that effect. (Am. Compl., ¶¶ 8-9.)

Defendant published an article, "Our Favorite Tacos in Every State" ("Taco Article"). (Id. ¶ 10.) The Taco Article includes a copy of the copyrighted Blue Tacos Photograph (Id.; Taco Article Excerpt, Doc. 30-2.) Defendant used the Blue Tacos Photograph in the Taco Article without permission or consent to publish the picture. (Am. Compl., ¶ 11.) The motion to dismiss has been fully briefed and is ripe for consideration.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,[1] to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule] 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

---

[1] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

3

## III. DISCUSSION

In its motion to dismiss, Defendant primarily concentrates on the merits of Plaintiff's claim in the context of originality. In its reply brief, Defendant focuses less on the merits of originality and pivots primarily to the argument that Plaintiff fails to allege originality under Twombly.

To establish a claim of copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The first prong requires a plaintiff to show the work is original and compliance with applicable statutory formalities. Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541 (11th Cir. 1996). Plaintiff alleges registration of the Blue Tacos Photograph with the United States Copyright Office along with the registration number. "Once a plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that the work in which the copyright is claimed is unprotectable (for lack of originality)." Pohl v. MH Sub I LLC, 770 F. App'x 482, 486 (11th Cir. 2019) (quoting Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010)).

As for the second prong, "a plaintiff must establish, as a factual matter, that the alleged infringer actually copied plaintiff's copyrighted material." Id. (citing Bateman, 79 F.3d

at 1541). Because originality is the *sine qua non* of copyright, Feist, 499 U.S. at 345, a plaintiff asserting a claim of copyright infringement "must also respond to any proof advanced by the defendant that the portion of the copyrighted work actually taken does not satisfy the constitutional requirement of originality," Bateman, 79 F.3d at 1542. "Whether a work is sufficiently original to warrant copyright protection is a question of fact." Pohl, 770 F. App'x at 486 (citing Home Legend, LLC v. Mannington Mills, Inc., 784 F.3d 1404, 1409 (11th Cir. 2015)).

## A. Copyright Infringement Pleading Requirement

The Court begins with Defendant's argument that the absence of specific allegations regarding originality renders a complaint insufficient to withstand a Rule 12(b)(6) motion. The Court disagrees with Defendant's position. Defendant primarily relies on Etrailer Corp. v. Automatic Equip. Mfg., Co. for its position. No. 8:18-CV-351, 2019 WL 1596833, at *2 (D. Neb. Apr. 15, 2019). Although Etrailer recognized the presumption of originality following an allegation of copyright registration, that court granted the defendant's motion to dismiss because the complaint alleged no facts establishing originality. Id. at *2. Etrailer is not binding on this Court, and the Court finds that Etrailer's reasoning runs counter to the precedent in the Eleventh Circuit.

As noted, a certificate of copyright registration shifts the burden to the defendant to show the work is unprotectable. At the

5

motion to dismiss stage, an allegation of ownership of the copyright at issue alongside proper registration is enough to satisfy the first prong. Tipsey McStumbles, LLC v. Griffin, No. 111-053, 2012 WL 13005450, at *4 (S.D. Ga. Mar. 15, 2012) ("Defendant states a claim for copyright infringement because he alleges that he owns the copyright at issue and that it was properly registered with the United States Copyright Office."). The Court does not rule out a situation where, at the motion to dismiss stage, a defendant could show that the subject at issue is unprotectable as a matter of law. See Pohl, 770 F. App'x at 487-88. For the reasons stated below, however, the Court does not believe that is the case here.

As for the second prong, Plaintiff alleged that Defendant actually copied the Blue Tacos Photograph. As stated in the Eleventh Circuit, to ultimately succeed on his claim, Plaintiff must respond to any proof advanced by Defendant that the work suffers from lack of originality. The rule requires a defendant to advance "proof" of lack of originality and that originality consideration generally generates a question of fact. First, Defendant offers no proof that the Blue Tacos Photograph lacks the requisite originality. Second, even were such proof offered, it would be inappropriate for the Court to consider competing proof regarding originality at the motion to dismiss stage. Plaintiff alleged a valid copyright registration and Defendant's direct

6

copying of the copyrighted material. Based upon these allegations, the Court may reasonably infer that Defendant is liable for the alleged misconduct.

**B. No Originality as a Matter of Law**

Defendant seems to broadly extend <u>Oriental Art Printing, Inc. v. Goldstar Printing Corp.</u>, 175 F. Supp. 2d 542 (S.D.N.Y. 2001), to mean that food photographs will rarely satisfy the originality requirement in comparison to a "portrait photograph of a model, or a scenic photo of nature." (Reply Supp. Mot. to Dismiss, Doc. 42, at 11.) The Court is not satisfied that the Eleventh Circuit has gone so far. The Eleventh Circuit recently stated that "our binding precedent makes clear that even descriptive photographs of products, like a flooring design, can be sufficiently original to merit copyright protection." <u>Pohl</u>, 770 F. App'x at 489 (citing <u>Home Legend</u>, 784 F.3d at 1410). Given the precedent in this Circuit, <u>Oriental Art</u> cannot be interpreted so broadly as to say that a photograph of food necessarily fails the originality test.

Moreover, the Court does not accept Defendant's claim that because Taquiza presumably made the Blue Tacos, not Plaintiff, the Blue Tacos Photograph cannot possess originality. (Mot. to Dismiss, Doc. 37, at 5.) Photographs are often images of a subject the photographer did not actually create. <u>See</u>, <u>e.g.</u>, <u>Leigh v. Warner Bros., Inc.</u>, 212 F.3d 1210, 1215 (11th Cir. 2000) (finding photographs of statue were sufficiently original for copyright

7

protection). Furthermore, "[f]ederal courts have historically applied a generous standard of originality in evaluating photographic works for copyright protection." <u>Latimer</u>, 601 F.3d at 1234. For these reasons, the Court cannot conclude that the Blue Tacos Photograph lacks originality as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. 37) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of March, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA